**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-00751-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Clifton Nez Hamalowa, et al., | |
| Defendants. | |

Defendant Clifton Nez Hamalowa filed a Motion to Sever the trial of the charges against him in this matter from that of his Co-Defendants Devonne Beth Hamalowa and Thomas Leon Hamalowa (Doc. 61, "Mot."). The government filed a Response in opposition (Doc. 64, "Resp."). Devonne and Thomas have not joined or opposed the Motion.[1] The Court concludes oral argument would not assist in its resolution of the Motion. *See* LRCiv 7.2(f). For the reasons set forth below, the Court denies the Motion.

## I.    BACKGROUND

In an Indictment filed on June 29, 2022 (Doc. 3), the grand jury charged Clifton and Devonne with five federal offenses: conspiracy to commit CIR-assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 371, 1153, and 113(a)(6) (Count 1); CIR-first degree murder; aiding and abetting, in violation of 18 U.S.C. §§ 1153, 1111, and 2 (Count 2); CIR-assault with a dangerous weapon; aiding and abetting, in violation of 18 U.S.C. §§ 1153, 113(a)(3), and 2 (Count 3); CIR-assault resulting in serious bodily injury; aiding and

---

[1] In order to avoid confusion, the Court refers to Defendants by their first names.

abetting, in violation of 18 U.S.C. §§ 1153, 113(a)(6), and 2 (Count 4); and discharging a firearm during and in relation to crimes of violence; aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (j), and 2 (Count 5).

The Indictment charged Thomas with being an accessory after-the-fact in violation of 18 U.S.C. § 3 (Count 6). Thomas initially pleaded not guilty to charged offense, but subsequently entered a plea of guilty to the lesser included offense of being an accessory after-the-fact to CIR-second degree murder, in violation of 18 U.S.C. § 3. (Doc. 65.) Thomas voluntarily consented to change his plea before Magistrate Judge Morrissey, who entered a Report & Recommendation to accept the plea. (Doc. 66.) The Court adopted Magistrate Judge Morrissey's findings and accepted Thomas's plea of guilty. (Doc. 68.)

Devonne and Clifton have both pleaded not guilty to the charges against them. (Docs. 13 and 20.) The case is set for jury trial on November 7, 2023. (Doc. 55.)

## II.   LEGAL STANDARD

"It is well-established that in the federal system there is a preference for joint trials where defendants have been jointly indicted." *United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008); *see also Parker v. United States*, 404 F.2d 1193, 1196 (9th Cir. 1968) ("Joint trials of persons charged together with committing the same offense or with being accessory to its commission are the rule, rather than the exception."). However, Federal Rule of Criminal Procedure 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Given the preference for joint trials, "Rule 14 sets a high standard for a showing of prejudice." *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994). "The burden is on the defendant to show 'clear,' 'manifest,' or 'undue' prejudice from a joint trial." *United States v. Mikhel*, 889 F.3d 1003, 1046 (9th Cir. 2018) (quoting *United States v. Polizzi*, 801 F.2d 1543, 1553–54 (9th Cir. 1986)). "[W]hen defendants have been

1   properly joined under Rule 8(b),[2] a district court should grant a severance under Rule 14

2   only if there is a serious risk that a joint trial would compromise a specific trial right of one

3   of the defendants, or prevent the jury from making a reliable judgment about guilt or

4   innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

5   **III.   ANALYSIS**

6       **A.   *Bruton* Issues**

7          Clifton raises concerns that if the government introduces at trial statements made by

8   his Co-Defendants, and his Co-Defendants do not take the stand, he will be deprived of his

9   constitutional rights to cross-examination. Clifton argues these concerns implicate issues

10  arising under *Bruton v. United States*, 391 U.S. 123 (1968), and its progeny, which hold

11  that "[a] defendant is deprived of his Sixth Amendment right of confrontation when the

12  facially incriminating confession of a nontestifying codefendant is introduced at their joint

13  trial, even if the jury is instructed to consider the confession only against the codefendant."

14  *Lucero v. Holland*, 902 F.3d 979, 987 (9th Cir. 2018) (quoting *Richardson v. Marsh*, 481

15  U.S. 200, 207 (1987)). In its Response, the government identifies statements by each

16  Defendant that it intends to introduce at trial (Resp. at 9–10, 12–13, and 14), and argues

17  that introduction of these statements would not violate *Bruton*. The Court considers the

18  statements in turn.

19         First, the statements allegedly made by Clifton do not present any *Bruton* concerns,

20  at least not as to Clifton himself. The *Bruton* rule is grounded in the Sixth Amendment's

21  Confrontation Clause and a defendant can hardly be said to have the right to confront

22  himself. *See, e.g.*, *United States v. DeLeon*, 287 F. Supp. 3d 1187, 1252 n.17 (D.N.M.

---

23

24      [2] Rule 8(b) provides, in relevant part: "The indictment or information may charge
two or more defendants if they are alleged to have participated in the same act or

25  transaction, or in the same series of acts or transactions, constituting an offense or
offenses." Fed. R. Crim. P. 8(b). Clifton does not argue in his Motion that he was

26  improperly joined with his co-defendants under Rule 8(b). For the reasons stated by the
government in its Response, the Court finds Defendants are properly joined. *See United*

27  *States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995) (noting that the term "transaction" as
used in Rule 8 is "interpreted flexibly, and whether a 'series' exists depends on whether

28  there is a 'logical relationship' between the transactions," and that "[j]oinder of charges
against multiple defendants is particularly appropriate when the charges involve
substantially overlapping evidence" (citation omitted)).

2018), and authorities cited therein. Further, although Devonne has neither joined Clifton's Motion nor filed her own, the Court observes that introduction of Clifton's statements would not likely present any *Bruton* issues as to Devonne either because the statements—as described by the government—do not appear testimonial. *See Lucero*, 902 F.3d at 988 (concluding that "only testimonial codefendant statements are subject to the federal Confrontation Clause limits established in *Bruton*"). Specifically, the statements did not "result from questioning, 'the primary purpose of which was to establish or prove past events potentially relevant to later criminal prosecution,'" *id.* at 989 (quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006)), nor are they "functionally identical to live, in-court testimony,' 'made for the purpose of establishing or proving some fact' at trial." *Id.* (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310–11 (2009)).

Nor do the statements allegedly made by Devonne present any *Bruton* concerns. The first two sets of Devonne's statements—as described by the government—are non-testimonial for the same reasons stated above. They are not "functionally identical to live, in-court testimony," *Melendez-Diaz*, 557 U.S. at 310–11, nor were they made with "the primary purpose of assisting in [the defendants'] prosecution." *Ohio v. Clark*, 576 U.S. 237, 240 (2015). The third set of statements presents a different question. The government concedes these statements, which were given during non-custodial questioning during a welfare check conducted by Gila River Police Department officers, were testimonial. The statements "were made under circumstances which would lead an objective witness reasonably to believe that the statement[s] would be available for use at a later trial." *United States v. Esparza*, 791 F.3d 1067, 1071 (9th Cir. 2015).

However, not all testimonial codefendant statements violate *Bruton*. In *Bruton*, the Supreme Court considered whether the introduction of a non-testifying co-defendant's "powerfully incriminating" confession that "expressly implicat[ed]" the defendant violated the defendant's confrontation rights, and concluded that it did. 381 U.S. at 135. In *Richardson v. Marsh*, the Court considered whether *Bruton*'s scope extended to a confession that "was not incriminating on its face, and became so only when linked with

1   evidence introduced later at trial," and concluded that it did not. 481 U.S. 200, 208–11

2   (1987); *but see Gray v. Maryland*, 523 U.S. 185, 192 (1998) (distinguishing *Richardson*

3   and holding *Bruton* applies to a redacted statement that nonetheless "referred to, and

4   directly, implicated" the defendant). Thus, *Bruton* applies to a co-defendant confession that

5   "facially, expressly, clearly, or powerfully implicates the defendant." *United States v.*

6   *Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007). Devonne's statements—as described by the

7   government—do not fall within this definition. Indeed, according to the government,

8   Devonne "denied involvement in or knowledge of [the victim's] murder, and did not accuse

9   Clifton or Thomas of being involved." (Resp. at 12.) To the extent the statements

10  incriminate any Defendant in the charged crimes, they do so only inferentially or "when

11  linked with [other] evidence." *Richardson*, 481 U.S. at 208.[3]

12       Finally, although the statements allegedly made by Thomas likewise appear not to

13  be facially incriminating, the Court does not reach this question in light of the government's

14  representation that it does not intend to introduce Thomas's statements in the event he

15  changes his plea (Resp. at 14 n.7), which he has done. (Docs. 65, 66, 68.)

16       **B.     Mutually Antagonistic Defenses**

17       Clifton next argues his trial should be severed from those of his Co-Defendants in

18  light of their anticipated defenses, which he believes will be antagonistic, and therefore

19  prejudicial, to his own. Specifically, Clifton contends that:

21           he had been present at the location of the incident at one time, however he
             did not conspire to nor commit the aforementioned charges. If co-defendants
22           Devonne Hamalowa and or Thomas Leon Hamalowa asserts that Mr. Nez
             Hamalowa was present at the time of the offense, participated and or ordered
23           them to participate in these offenses, their defenses will be mutually
             antagonistic.
24

25           If the jury believes co-defendants' arguments, any statements made during

---

27       [3] This conclusion is without prejudice to any Defendant making a colorable
28  argument that the statements are facially incriminating such that they should be "redacted
    to eliminate not only the defendant's name, but any reference to his or her existence."
    *United States v. Parks*, 285 F.3d 1133, 1138 (9th Cir. 2002).

1
2
3
4

> trial and or statements made to the detectives prior to trial, they are likely to
> disbelieve Mr. Nez Hamalowa and his defense that he was not involved in
> any aspects of this incidents [sic]. Mr. Nez Hamalowa would be prejudiced
> by this evidence, as the jury will assume that he was involved and possibly
> ordered the co-defendants to participate.

5
6

(Mot. at 7.) The government responds that Defendants' defenses are not mutually

antagonistic as federal courts have defined that term in the context of joint trials.

7
8
9
10
11
12
13
14
15
16
17

 "Mutually antagonistic defenses are not prejudicial *per se*." *Zafiro*, 506 U.S. at 538.

Even where there are mutually antagonistic defenses, a defendant seeking severance must

still demonstrate that a joint trial would result in "clear" or "manifest" prejudice. *See United

States v. Tootick*, 952 F.2d 1078, 1083 (9th Cir. 1991); *Mikhel*, 889 F.3d at 1046. "To be

entitled to severance on the basis of mutually antagonistic defenses, a defendant must show

that the core of the codefendant's defense is so irreconcilable with the core of his own

defense that the acceptance of the codefendant's theory by the jury precludes acquittal of

the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). In other

words, the defenses must be mutually exclusive or irreconcilable. *See Collins v. Runnels*,

603 F.3d 1127, 1131 n.2 (9th Cir. 2010). Mere inconsistency between asserted defenses is

not enough. *Tootick*, 952 F.2d at 1081.

18
19
20
21
22
23
24
25
26
27
28

At this stage, Clifton's concerns about mutually antagonistic defenses are

speculative. For example, while he raises concerns about his Co-Defendants' statements to

law enforcement, the only statements before the Court—those described by the government

which it intends to introduce at trial—do not appear antagonistic to Clifton's asserted

defense. It is not even clear the Co-Defendant defenses about which Clifton speculates

would necessarily be so mutually antagonistic as to require severance. For example,

accepting a Co-Defendant's argument that Clifton was present at the time of the charged

crimes would not necessarily preclude his acquittal if the jury were to find the other

elements of the crimes lacking. In any event, neither of Clifton's Co-Defendants joined his

Motion or otherwise suggested their theory of defense, so the Court has no basis, at least

at this juncture, upon which to conclude that acceptance of a Co-Defendant's theory by the

jury necessarily would preclude Clifton's acquittal.

It is therefore premature to conclude that there are mutually antagonistic defenses in this case entitling Clifton to severance. In the absence of a basis upon which to rest such a conclusion, the well-established preference for joint trials of jointly indicted defendants applies. *See Hernandez-Orellana*, 539 F.3d at 1001. Should it become apparent that a joint trial risks unfair prejudice to any Defendant, however, the Court will reconsider the question and determine the appropriate remedy.

**IT IS THEREFORE ORDERED** denying Defendant Clifton Nez Hamalowa's Motion to Sever (Doc. 61).

**IT IS FURTHER ORDERED** affirming the Status Conference set as to Defendants Clifton Nez Hamalowa (1) and Devonne Beth Hamalowa (2) for Thursday, 5/25/2023 at 3:15 p.m. Only counsel need to be present for this hearing as stated in the Scheduling Order at Doc. [55] filed on 3/3/2023. An Order resetting the Status Conference IN TIME ONLY from 9:00 a.m. to 3:15 p.m. was filed at Doc. [67] on 4/27/2023. Counsel for Defendant Thomas Leon Hamalowa (3) does not need to appear for this Status Conference as defendant is set for Sentencing on 7/13/2023 per Doc. [65].

Dated this 18th day of May, 2023.

_____
Honorable John J. Tuchi
United States District Judge